# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMPANY, INC., ) <br> 30339 Diamond Pkwy #102, ) <br> Glenwillow, Ohio 44139 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SBI SMART BRANDS INTERNATIONAL ) <br> (AMERICA) LTD. ) <br> 12 Bradwick Drive, Unit 5 ) <br> Concord, Ontario ) <br> Canada ) <br> ) <br> and ) <br> ) <br> TREK MARKETING, INC. ) <br> 101 Naughton Drive ) <br> Richmond Hill, Ontario ) <br> Canada ) <br> ) <br> Defendants. ) <br> ) | JUDGE: HON. SOLOMON OLIVER, JR. <br><br> MAGISTRATE JUDGE: WILLIAM H. BAUGHMAN <br><br> CASE NO: 1:16-CV-02665-SO <br><br><br> **DEFENDANTS' AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), Defendants SBI Smart Brands International (America) Ltd. ("SBI") and Trek Marketing, Inc. ("Trek")(collectively, SBI and Trek are hereinafter referred to as "Defendants"), for its Amended Answer, Affirmative Defenses, and Counterclaims to the Complaint of Plaintiff The NOCO Company, Inc. ("NOCO"), pleads and avers as follows:

1. Defendants admit that the present action purports to seek recourse for trade dress infringement, unfair competition, design patent infringement and deceptive trade practices, but otherwise denies the allegations of Paragraph 1 of the Complaint.

2. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and accordingly denies the same.

3. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and accordingly denies the same.

4. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and accordingly denies the same.

5. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and accordingly denies the same.

6. Defendants admit that SBI Smart Brands International (America) Ltd. is a Private Company Limited By Shares organized under the laws of Hong Kong, but otherwise denies the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and accordingly denies the same.

9. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and accordingly denies the same.

9014179.1

10. Defendants admit that NOCO is listed on the U.S. Patent and Trademark Office website, located at www.uspto.gov, as the registrant for U.S. Trademark Registration No. 4,762,738, Ribbed Housing Trade Dress (attached as Exhibit 1 to the Complaint, hereinafter "the Trade Dress"), in connection with the claimed goods. Defendants deny the validity of U.S. Trademark Registration No. 4,762,738.

11. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and accordingly denies the same.

12. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and accordingly denies the same.

13. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and accordingly denies the same.

14. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and accordingly denies the same.

15. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and accordingly denies the same.

16. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and accordingly denies the same.

17. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and accordingly denies the same.

18. Defendants admit that NOCO is listed as assignee for U.S. Design Patent No. D746,770 (attached as Exhibit 3 to the Complaint, hereinafter "the Design Patent"). Defendants deny the validity of the Design Patent and the remaining allegations of Paragraph 18 of the Complaint.

19. Defendants admit that, collectively, they import, promote and sell a variety of consumer goods, including different categories of automotive accessories, in the United States. Defendants deny the remaining allegations of Paragraph 19 of the Complaint.

20. Defendants admit that they sell a jump starter device under the brand names "Treksafe" and "energyPro." Defendants deny the remaining allegations of Paragraph 20 of the Complaint.

21. Defendants admit that Paragraph 21 of the Complaint includes photographs of Defendants' "energyPro" jump starter device. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that photographs of NOCO jump starter devices are shown, and accordingly denies the same. Defendants deny the remaining allegations of Paragraph 21 of the Complaint.

9014179.1

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants hereby restate and incorporate by reference its responses to Paragraphs 1-24 of the Complaint.

26. Defendants admit that NOCO is listed as the registrant for U.S. Trademark Registration No. 4,762,738, Ribbed Housing Trade Dress (attached as Exhibit 1 to the Complaint), in connection with the claimed goods. Defendants deny the validity of U.S. Trademark Registration No. 4,762,738.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants hereby restate and incorporate by reference its responses to Paragraphs 1-29 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants admit that Paragraph 32 includes images from the Design Patent and of Defendants' jump starter device. Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants hereby restate and incorporate by reference its responses to Paragraphs 1-37 of the Complaint.

39. Defendants admit that NOCO is listed as the registrant for U.S. Trademark Registration No. 4,762,738, Ribbed Housing Trade Dress (attached as Exhibit 1 to the Complaint), in connection with the claimed goods. Defendants deny the validity of U.S. Trademark Registration No. 4,762,738, and otherwise deny the remaining allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants hereby restate and incorporate by reference its responses to Paragraphs 1-40 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants plead the following affirmative defenses without any concession that Defendants bear the burden of proof.

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

2. This Court lacks personal jurisdiction over Defendants.

3. U.S. Trademark Registration No. 4,762,738 (the "Trade Dress") is invalid because it covers merely functional elements dictated by utilitarian concerns.

4. The Trade Dress is invalid because it covers merely product shape and design that is not inherently distinctive, has not acquired secondary meaning in the

marketplace, and is unlikely to be perceived by reasonable consumers as an indicia of source.

5. There is no likelihood of confusion, mistake or deception between the product shape and design of the NOCO products and the product shape and design sold by Defendants.

6. Plaintiff's Ohio deceptive trade practices, common law trade dress infringement and unfair competition claims are preempted by federal law.

7. The Design Patent is invalid under the "on sale" bar of 35 U.S.C. § 102 (a)(1), because by Plaintiff's own admission Plaintiff sold its raised rib housing design more than one year prior to filing the application which matured into U.S. Design Patent No. D746,770.

8. The Design Patent is invalid because of Plaintiff's inequitable conduct.

9. The Design Patent is invalid and unenforceable due to NOCO's patent misuse.

10. The Design Patent is invalid because the claimed invention in the Design Patent contains functional elements that are not purely ornamental.

11. The Design Patent is invalid because it is not original.

12. The Design Patent is invalid because it covers only obvious changes to the prior art.

13. The Design Patent is invalid because it is indefinite.

14. Defendants' products do not infringe the Design Patent because an ordinary observer would not believe the Defendant's products to be substantially the same as NOCO's design.

15. Plaintiff's claims are barred by the doctrines of unclean hands and equitable and file wrapper estoppel.

16. Defendants reserve the right to raise any additional affirmative defenses that may be necessitated by documents or facts revealed during discovery.

### DEFENDANTS' COUNTERCLAIMS AGAINST NOCO

1. Defendant SBI Smart Brands International (America) Ltd. ("SBI") is a Private Company Limited By Shares organized under the laws of Hong Kong.

2. Defendant Trek Marketing, Inc. ("Trek") is a corporation organized under the laws of Canada with its principal place of business in Richmond Hill, Ontario, Canada.

3. Upon information and belief, The NOCO Company, Inc. ("NOCO") is an Ohio corporation with its principal place of business in Glenwillow, Ohio.

4. Upon information and belief, NOCO claims to own federal trademark registration number 4,762,738, for a Ribbed Housing Trade Dress ("the Trade Dress"), and alleges that Defendants are infringing the Trade Dress. NOCO's Complaint For Trade Dress And Design Patent Infringement ("the Complaint"), filed November 1, 2016, provides in ¶10 and in Exhibit 1 attached to the Complaint a depiction of the design that is the subject of the Trade Dress registration.

5. Upon information and belief, the application for the Trade Dress was filed on August 6, 2013 and issued on June 30, 2015.

6. The Complaint further states, at ¶9 and ¶12, that NOCO has, since at least 2009, continuously used the Trade Dress on several of its products and has sold

products bearing the Trade Dress in retail establishments nationwide, as shown in photographs forming a portion of ¶9.

7. Upon information and belief, NOCO claims to own U.S. Des. D746,770 ("the Design Patent"), and alleges that Defendants have infringed the Design Patent.

8. Upon information and belief, the Design Patent was filed on July 16, 2014 and issued on January 5, 2016.

9. The Complaint provides in ¶32 and in Exhibit 3 attached to the Complaint a depiction of the design that is the subject of the Design Patent.

10. This Court has jurisdiction over these counterclaims pursuant to 28 USC §§1331 and 1338(a) because the relief requested is a) a declaration that NOCO's Design Patent is invalid and unenforceable, b) a declaration that NOCO's Design Patent does not infringe any valid claim of the Design Patent, c) a declaration that NOCO's Trade Dress is not infringed by Defendants, and d) cancellation of NOCO's Trade Dress Registration.

11. NOCO is subject to personal jurisdiction and venue is proper in this District by virtue of NOCO bringing suit in this Court.

12. An actual case or controversy exists between NOCO and Defendants in that NOCO filed this Action asserting that Defendants are liable for infringement of the Design Patent and infringement of the Trade Dress.

### FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE DESIGN PATENT

13. Defendants hereby repeat the allegations of paragraphs 1-12 of the Counterclaims.

14. The sole claim of the Design Patent is invalid for failure to comply with the requirements of patentability specified in 35 USC §102 (a)(1) which provides, in

9

part, that a person cannot be entitled to a patent if the claimed invention was "in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention."  NOCO's Complaint at, at least, ¶¶ 9,10 and 32 show that the Trade Dress and the Design Patent cover the same design, and NOCO's Complaint at ¶9 and ¶12 states that this design has continuously been used by NOCO since "at least 2009" in connection with its products, and such products have been sold publicly in "mass retail establishments nationwide" such as Wal-Mart, Home Depot, Sears, etc. Thus, NOCO's Complaint admits the invention of the Design Patent was on sale and available to the public for more than one year prior to the July 16, 2014 filing date of the Design Patent, and the sole claim of the Design Patent is thus invalid.

15. Furthermore, the sole claim of the Design Patent is invalid and unenforceable because of NOCO's inequitable conduct, at least based on the standard set forth in *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011). Upon information and belief, NOCO knew or should have known that its use in commerce and sales of products bearing the Trade Dress design constituted public sales and public availability of the claimed invention for more than one year prior to the filing date of the Design Patent, and knew or should have known that these facts would have been material to the determination of patentability of the claimed invention.  Upon information and belief, NOCO failed to disclose these material facts to the USPTO with the intent to deceive, and such failure constitutes inequitable conduct that renders the Design Patent invalid and unenforceable.

16. Further, the Design Patent is invalid and unenforceable due to NOCO's patent misuse, at least based on the standards set forth in *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172 (1965). Upon information and belief, at a minimum NOCO's failure to disclose the prior use and sales of products of the claimed invention in the Design Patent constitutes a false representation of a material fact, made with intent to deceive or at least with a reckless state of mind constituting the equivalent of intent, that the USPTO justifiably relied on and acted on in issuing the Design Patent, without which false representation the USPTO would not have issued said Design Patent, and such unwarranted issuance of the Design Patent constitutes injury to the deceived party.

17. Furthermore, the sole claim of the Design Patent is invalid for failing to meet the requirement of 35 USC §171, at least based on the standards set in *OddzOn Products Inc. v. Just Toys Inc.,* 122 F.3d 1396 (Fed. Cir. 1997), at least because the claimed invention in the Design Patent contains functional elements that are not purely ornamental. Upon information and belief, at a minimum the claimed invention of the Design Patent provides NOCO's products with an enclosure designed for impact resistance, and is thus not ornamental. See Defendant's Exhibit A, "USPTO Office Action December 5, 2013," page 2. The claimed design features provide additional functionality to the housing design, including at least, gripping surfaces. Design patents cannot validly protect such functional designs.

### SECOND COUNTERCLAIM FOR DECLARATORY JUDGMENT OF
### <u>NON-INFRINGEMENT OF THE DESIGN PATENT</u>

18. Defendants hereby repeat the allegations of paragraphs 1-12 and paragraphs 13-17 of the Counterclaims.

19. Defendants have not infringed, are not now infringing, and are not threatening to infringe any valid claim of the Design Patent.

20. Because the sole claim of the Design Patent is invalid and unenforceable, Defendants *per se* have not infringed and are not now infringing any valid and enforceable claim of the Design Patent.

21. Furthermore, Defendant's accused product do not infringe the Design Patent, at least based on the standard of *Egyptian Goddess, Inc. v. Swisa, Inc.*, 498 F.3d 1354 (Fed. Circ. 2008), because an ordinary observer would not believe the Defendant's products to be substantially the same as NOCO's patented design. The specific reasons an ordinary observer would not believe the Defendant's products to be substantially the same as Plaintiff's products will be further elaborated during the course of this Action, but may include, at least, because Defendants' product has rectangular feet on the bottom face as opposed to rounded feet as in FIG. 2 of the Design Patent, does not have two rectangular openings with rounded corners as depicted in FIG. 5 of the Design Patent, does not have a semi-rounded opening as depicted in FIG. 6 of the Design Patent, and Defendant's product has ribbed ridges that protrude past the edges of box, whereas NOCO's design, as shown in FIGS. 1-6 of the Design Patent, has ribs that do not extend past the edges of the box. See Complaint ¶32.

9014179.1

**THIRD COUNTERCLAIM FOR DECLARATORY JUDGMENT OF
<u>NON-INFRINGEMENT OF THE TRADE DRESS</u>**

22. Defendants hereby repeat the allegations of paragraphs 1-21 of the Counterclaims.

23. Defendants have not infringed, are not now infringing, and are not threatening to infringe the Trade Dress, at least based on the standards set forth in *Wynn oil Co. v. Thomas*, 839 F.2d 1183 (C.A. 6 (Tenn.)), because there is no likelihood of confusion, mistake or deception between NOCO's products and Defendants' products.

24. At a minimum, Defendant's product and NOCO's product have designs that differ in numerous aspects, as already stated *inter alia* in paragraph 21 of the Counterclaims, that serve to distinguish Defendants' product from NOCO's product such that the marks are not substantially similar and consumers would thus not likely be confused as to the source of the goods. Additional distinguishing aspects will be further elaborated in the course of this Action.

25. Further, there is no likelihood of confusion, mistake or deception between NOCO's products and Defendants' products because of the numerous other marks that serve to distinguish the sources of each parties' goods.  At a minimum, there is no likelihood of confusion because Defendants' products are clearly and prominently labeled with Defendants' distinctive "energyPro" and "Treksafe" marks, as shown in Defendants' Exhibit B, "Defendants' Products," and in the Complaint at ¶21 and ¶27, as opposed to NOCO's products which are labeled with NOCO's company name, logo, and "genius" name, as shown in the Complaint at ¶9 and ¶21.   Upon information and belief, NOCO has continuously used its atom design logo and mark (Trademark Reg. No. 4,087,428) and its

13

"NOCO Genius" logo and mark (Trademark Reg. No. 3,779,305) in connection with its products to distinguish those products, and does not sell any products incorporating the Trade Dress without also incorporating either or both of these other marks. See Defendant's Exhibit C, "Plaintiff's Response to Office Action June 5, 2014," page 4. Similarly, Defendants do not sell any products without either the distinctive "energyPro" or "Treksafe" marks. There is thus no likelihood of a consumer mistakenly confusing Defendants' products as being made or sold by NOCO.

### FOURTH COUNTERCLAIM FOR CANCELLATION OF THE TRADE DRESS

26. Defendants hereby repeat the allegations of paragraphs 1-25 of the Counterclaims.

27. Cancellation of NOCO's Trade Dress is warranted because the Trade Dress covers merely functional elements, at least based on the standards set forth in *Qualitex Co. v. Jacobson Products Co., Inc.,* 514 U.S. 159 (1995). Upon information and belief, at a minimum the design claimed in the Trade Dress provides NOCO's products with an enclosure designed for impact resistance. See Defendant's Exhibit A, "USPTO Office Action December 5, 2013," page 2. Other functional aspects of the claimed Trade Dress, such as—by way of non-limiting example—providing a gripping surface, will be further elaborated in the course of this Action. The Trade Dress thus covers merely functional elements chosen for a utilitarian purpose rather than to distinguish NOCO's products.

28. Further, cancellation of NOCO's Trade Dress is warranted at least based on the standards set forth in *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205 (2000), because the Trade Dress is not inherently distinctive and has not

14

acquired secondary meaning in the marketplace. Upon information and belief, at a minimum the design claimed in the Trade Dress is not inherently distinctive as determined by the USPTO. See Defendants' Exhibit A, pages 2-3.

WHEREFORE, Defendants Trek Marketing, Inc. and SBI Smart Brands International (America) Ltd. pray that the Court enter judgment in its favor and against The NOCO Company, Inc. as follows:

- A. Finding and declaring that Defendants' products have not and do not infringe any valid claim of the alleged Design Patent;

- B. Finding and declaring that the sole claim of the alleged Design Patent is invalid;

- C. Finding and declaring that the sole claim of the alleged Design Patent is unenforceable;

- D. Finding and declaring that the Defendants' products have not and do not infringe the alleged Trade Dress;

- E. Finding that cancellation of the alleged Trade Dress Registration is warranted and entering an order for such cancellation;

- F. Finding this case exceptional under 35 U.S.C. § 285 and awarding Defendants their costs and reasonable attorneys' fees;

- G. That the Court issue a permanent injunction enjoining The NOCO Company, its agents, employees, and representatives from:

    - a) Making any allegations of infringement, or any threats or claims against third parties related to Defendants' products and services;

    - b) Contacting third parties, including actual and potential customers of Defendants, in an effort to affect the sales or business of Defendants;

    c)    Accusing Defendants or any of Defendants' employees or agents of trade dress or design patent infringement, or any other allegation relating to infringement of intellectual property;

    d)    Bringing any claims or making allegations or threats of claims against third parties related to Defendants' business; and

H.    Awarding such further relief as the Court deems just and proper.

Dated:  January 23, 2017

Respectfully submitted,

HAHN LOESER & PARKS LLP


/s/ Nathan B. Webb
Nathan B. Webb (Ohio Bar No. 0084506)
E-Mail: nwebb@hahnlaw.com
R. Eric Gaum (Ohio Bar No. 0066573)
E-Mail: regaum@hahnlaw.com
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (330) 208-4588
Facsimile: (216) 241.2824

*Attorneys for Defendants SBI Smart Brands International (America) Ltd. and Trek Marketing, Inc.*

16

9014179.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Answer to Plaintiff's Complaint was sent via first class mail, postage prepaid on the 23rd day of January, 2017, to:

Michael J. Garvin
Aaron M. Williams
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114

Attorneys for Plaintiff
The NOCO Company, Inc.

                        /s/ Nathan B. Webb
                        Attorney for Defendants

9014179.1